**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF ARKANSAS**

**ELDORADO DIVISION**

| | |
|---|---|
| **JAMIE HALL**<br>    **Plaintiff,**<br>v.<br>**EQUIFAX INFORMATION SERVICES,**<br>**LLC AND LVNV FUNDING LLC/**<br>**RESURGENT CAPITAL SERVICES,**<br>    **Defendants.** | 1074<br>**Case No. 1:25-cv-~~01067~~** |

**FILED**<br>US DISTRICT COURT<br>WESTERN DISTRICT<br>OF ARKANSAS<br>Nov 4, 2025<br>OFFICE OF THE CLERK

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S**

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Plaintiff Jamie Hall, appearing pro se, respectfully submits this Response in Opposition to Defendant

Equifax Information Services LLC's Motion to Dismiss. Equifax's motion mischaracterizes the allegations

and ignores documentary proof already filed with this Court. When read in the light most favorable to

Plaintiff, the Complaint pleads a plausible violation of the Fair Credit Reporting Act ("FCRA"),

15 U.S.C. §§ 1681e(b) and 1681i. Accordingly, the Motion should be denied, or alternatively Plaintiff should be

granted leave to amend.

1

## I. <u>INTRODUCTION AND FACTUAL BACKGROUND</u>

1. Plaintiff disputed an LVNV Funding LLC / Resurgent Capital Services account that Equifax was reporting.

A formal written dispute was mailed July 3, 2025, and delivered July 10, 2025. Equifax verified the account

as accurate on July 16, 2025.

2. On July 25, 2025, Plaintiff requested the method of verification and ACDV documentation. Equifax did not provide it.

3. On September 3, 2025, Plaintiff mailed a pre-litigation notice. USPS records confirm delivery on September 8, 2025.

4. As of the September 17, 2025 Equifax report, the LVNV account still appeared with contradictory data—marked

"Closed," yet showing a positive balance and "C" collection codes.

5. Plaintiff alleges this combination of statuses is inaccurate and misleading under FCRA §§ 1681e(b) and 1681i,

2

and that Equifax failed to conduct a reasonable reinvestigation after multiple certified disputes.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), dismissal is appropriate only when a complaint fails to state any claim upon

which relief can be granted. The Court must accept all well-pleaded facts as true and draw all reasonable

inferences in Plaintiff's favor. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal,

556 U.S. 662 (2009). Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

Erickson v. Pardus, 551 U.S. 89 (2007).

## III. ARGUMENT AND AUTHORITIES

A. Plaintiff Has Pleaded a Concrete and Factual Inaccuracy

Equifax's central claim—that Plaintiff failed to allege an inaccuracy—is mistaken. Equifax's own report shows

3

the LVNV account as "Closed" while simultaneously listing a current balance, a recent "Date Reported," and collection codes ("C"). Under industry-standard Metro 2 guidelines, a tradeline cannot simultaneously report as closed and actively in collection. That internal inconsistency constitutes a factual inaccuracy. See Henderson v. Trans Union LLC, 2020 WL 2849896 (E.D. Va. 2020) (finding a "closed account with a positive balance" misleading under the FCRA). This is not a legal dispute over whether the debt is owed; it is a factual dispute over how Equifax reported it. Courts have repeatedly held that conflicting or misleading account statuses are actionable inaccuracies. Wenning v. Onesubmission.com, 2016 WL 3538379 (S.D.N.Y. 2016).

Therefore, the Complaint alleges—and the exhibits confirm—a specific, factual inaccuracy in Equifax's reporting.

B. Equifax's Motion Misapplies the Case Law It Cites

1. DeAndrade v. Trans Union LLC (1st Cir. 2008) involved a borrower disputing the validity of a mortgage.

Here, Plaintiff disputes Equifax's reporting, not the underlying debt. DeAndrade is inapposite.

2. Carvalho v. Equifax Info. Servs. (9th Cir. 2010) and Rydholm v. Equifax Info. Servs. (8th Cir. 2022)

held that CRAs need not adjudicate legal debt disputes. Plaintiff, however, alleges Equifax disseminated

factually inconsistent data after notice—conduct squarely within §§ 1681e(b) and 1681i.

3. Schmitt v. Chase Manhattan Bank (D. Minn. 2005) and Ferrin v. Experian (D. Minn. 2011) require publication

of inaccurate data to a third party. Equifax's own consumer report constitutes such publication and was

available to creditors.

5

4. Safeco Ins. Co. v. Burr (U.S. 2007) defines "willful" violations. Even if the Court found no willfulness,

Plaintiff still states a claim for negligent noncompliance under § 1681o, which allows recovery of actual damages.

C. Equifax Failed to Conduct a Reasonable Reinvestigation

Despite receiving three written disputes via certified mail, Equifax never supplied a description of its

procedures or any verification method as required by § 1681i(a)(6)(B)(iii). Instead, Equifax re-reported the

same erroneous tradeline data. Whether its reinvestigation was reasonable is a question of fact, not

appropriate for Rule 12(b)(6) dismissal. Pittman v. Experian Info. Servs., 901 F.3d 619 (6th Cir. 2018).

D. Plaintiff Suffered Concrete Injury and Is Entitled to Relief

The inaccurate reporting caused reduced credit scores, credit denials, and emotional distress—recognized

injuries under Younger v. Experian Info. Servs., 2023 WL 1218137 (E.D. Ark. 2023). Plaintiff thus pleads

actual, statutory, and punitive damages under §§ 1681n and 1681o.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Equifax's Motion to Dismiss.

In the alternative, should the Court find any pleading deficiency, Plaintiff requests leave to amend to

clarify factual allegations consistent with Rule 15(a)(2).

Respectfully submitted this the 4th day of November, 2025.

Jamie Hall, Pro Se Plaintiff

265 Massey Drive

El Dorado, AR 71730

Phone: 870-814-9419

Email: jamiehall80@yahoo.com

*Jamie Hall*

7

CERTIFICATE OF SERVICE

I certify that on November 4th , 2025, I mailed a copy of the foregoing Plaintiff's Response in Opposition

to Equifax's Motion to Dismiss to counsel for both defendants at the following addresses:

For Equifax Information Services LLC:

Ralph D. Scott III, Esq.

Lax, Vaughan, Fortson, Rowe & Threet, P.A.

11300 Cantrell Road, Suite 201

Little Rock, AR 72212

For LVNV Funding LLC / Resurgent Capital Services:

Samuel A. Morris, Esq.

BURR & FORMAN LLP

222 Second Avenue South, Suite 2000

Nashville, TN 37201

Jamie Hall, Pro Se Plaintiff

265 Massey Drive

El Dorado, AR 71730

8